Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Lucy Goodnough (Cal. Bar No. 310607)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800 office
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
lgoodnough@computerlaw.com

Attorneys for Defendant
FRIENDFINDER NETWORKS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Alejandro Gutierrez**, individually and on behalf of all other similar situated individuals,<br><br>Plaintiff;<br><br>v.<br><br>**FriendFinder Networks, Inc.**, a Delaware Corporation,<br><br>Defendant. | Case No. 5:18-cv-05918<br><br>**DEFENDANT FRIENDFINDER NETWORKS INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(D)**<br><br>[Removal from the Santa Clara Superior Court, Case No. 18CV332813]<br><br>Action Filed August 10, 2018<br><br>Action Service August 29, 2018 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant FriendFinder Networks Inc. ("Defendant" or "FFN") hereby gives notice of removal of this action from the Superior Court of California, Santa Clara County, to the United States District Court for the Northern District of California. In filing this Notice of Removal, Defendant does not waive, and expressly reserves, any and all rights, claims, and defenses it may have. This Court has diversity jurisdiction over this action under 28 U.S.C. sections 1332(d), 1453, and 1711–1715, the Class Action Fairness Act ("CAFA") because this matter involves class action claims which meet the minimum diversity requirements of CAFA.

## I. INTRODUCTION.

On August 10, 2018, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled Alejandro Gutierrez v. FriendFinder Networks Inc., as case number 18CV332813 (the "Santa Clara County Action"), filed purportedly on behalf of two classes against FFN.

## II. PROCEDURAL REQUIREMENTS.

All procedural requirements related to the removal of this action have been satisfied. Pursuant to 28 U.S.C. Section 1446(a), a copy of all process, pleadings, and orders served upon Defendant FFN in the Santa Clara County Action are attached hereto as follows: Exhibit A is true and correct copy of the unverified complaint (the "Complaint"), Exhibit B is a true and correct copy of the summons, Exhibit C is a true and correct copy of the civil case cover sheet, Exhibit D is a true and correct copy of the Order Deeming Case Complex and Staying Discovery, Exhibit E is a true and correct copy of the Civil Lawsuit Notice, and Exhibit F is a true and correct copy of a Proof of Service.

This Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b). The first date upon which Defendant received a copy of the Complaint was August 29, 2018, when Defendant FFN was served with a copy of the Complaint in the Santa Clara County Action. This Notice of Removal is being filed within thirty (30) days of August 29, 2018, and is, therefore, timely.

Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a Notice to Adverse Parties of Removal to Federal Court is being filed with the Clerk of the Superior Court for the County of Santa Clara.

Plaintiff has identified no other defendants in this action.

### III. THIS COURT HAS JURISDICTION.

This action is a civil action of which this Court has diversity jurisdiction under CAFA. Plaintiff's Complaint alleges that Defendant committed negligence, breached an implied contract, invaded privacy, and violated California's Customer Records Act, Online Privacy Protection Act and Unfair Competition Law.

#### A. The Two Classes Contain More Than 100 Members.

Plaintiff's Complaint was purportedly brought on behalf of two classes, the so-called "California Class" and the "National Class." Compl., ¶5. The "National Class" was defined as follows: "all similarly situated individuals in the United States who created an account(s) on www.AdultFriendFinder.com and whose personal identifying information was accessed, compromised, or stolen and/or released as a result of the AFF data breach in October 2016." The "California Class" was defined as "all similarly situated individuals in California who created an account(s) on www.AdultFriendFinder.com and whose personal identifying information was accessed, compromised, or stolen and/or released as a result of the AFF data breach in October 2016." Id. Because California is part of the United States, the "California Class" is a sub-part of the "National Class."

The Complaint alleged that "a hacker or a group of hackers breached Defendant's system and downloaded two decades worth of personal information of **339 million** AFF users." Compl., ¶32 (emphasis added). The Complaint further alleges that "[i]t is estimated that approximately 71.9% of the affected accounts belonged to users in the United States." Compl., ¶33. Thus, by the allegations of the Complaint, the purported "National Class" of users allegedly affected are

1   approximately 243 million "users" in the United States.[1] The foregoing numbers are, of course,
2   completely inaccurate.
3         First, there was no download of two decades worth of personal information of 339
4   million Adult FriendFinder ("AFF") users. To be clear, FFN cannot confirm that a single user's
5   data, including the class representative's, was "accessed, compromised, or stolen and/or released
6   as a result of the AFF data breach in October 2016."
7         Second, the number of accounts at AFF number in the hundreds of millions, a substantial
8   percentage of which are based in the U.S.
9         Third, the number of users of AFF in the U.S. is in excess of ten million people.
10        To summarize, the number of users affected by the alleged October 2016 "data breach" is
11  not known and maybe zero. The number of persons using AFF is in excess of 100 both as alleged
12  in the Complaint and in reality, meeting the requirements of CAFA. 28 U.S.C.§ 1332(d)(5) ("the
13  number of members of all proposed plaintiff classes in the aggregate" must be 100 or more).

**B.   The Amount Placed in Controversy by Plaintiff Exceeds $5 Million.**

15        FFN denies any and all liability in this case. FFN intends to vigorously oppose class
16  certification. FFN expressly reserves all rights and defenses, including contractual arbitration,
17  class waivers, lack of damages, and class certification.
18        However, for purposes of the jurisdictional requirements of removal only, FFN believes
19  in good faith, and on that basis asserts, that the allegations of Plaintiff's Complaint put more than
20  $5,000,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) (claims of
21  individual class members set forth in the Complaint are "aggregated to determine whether the
22  matter in controversy exceeds the sum or value of $5,000,000").
23        Plaintiff alleges that "average cost per victim" of cybercrime was $298. Compl., ¶46. As
24  described above, Plaintiff alleged a class of "victims" of 243 million, making their alleged claim
25  far in excess of $5 million. Additionally, at a $298 cost per class member, only 16,799 class

---

[1] According to https://www.census.gov/popclock/, the population of the U.S. was 324,076,293 on October 1, 2016. If this allegation were correct, 75% of the entire U.S. population were users of Adult Friend Finder.

members must exist for damages to be $5 million or more (16,799 * $298 = $5,006,102.00). With ten (10) million users, a class of 16,799 would make the "affected" users only 0.168% of the active users in the U.S.

Accordingly, whether based on Plaintiff's allegations in the Complaint, or on the assumption of a less than 1% number of affected users, the amount placed in controversy by Plaintiff exceeds $5 million.

### C. The "National Class" Includes only a Small Minority of California Citizens.

Plaintiff's Complaint defined a "National Class" of "all similarly situated individuals in the United States who created an account(s) on www.AdultFriendFinder.com and whose personal identifying information was accessed, compromised, or stolen and/or released as a result of the AFF data breach in October 2016." More than 80% of FFN's users logged in from locations outside of California and Delaware in October 2016 alone.  For example, on October 1, 2016, tracking by IP addresses, 10.29% of FFN's users logged in from California and 0.26% logged in Delaware (and 7.99% could not be determined). Further, this is consistent with the population of California, which is approximately 11-12% of the population of the overall U.S and Delaware is less than 0.3%.[2]

CAFA requires only one Defendant be diverse from one Plaintiff. 28 U.S.C. § 1332(d)(2)(A). Here, well over two-thirds of the alleged Plaintiffs are diverse from FFN, which is a Delaware corporation based in California.

Additionally, no exceptions apply that would justify removal. Far less than two-thirds of the National Class reside outside of California, barring application of the local controversy exception. 28 U.S.C. § 1332(d)(4)(A)(i)(I). Also, because less than one-third of the National Class is non-diverse, the discretionary abstention does not apply. 28 U.S.C. § 1332(d)(3).

### IV. CONCLUSION.

Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

---

[2] https://www.census.gov/quickfacts/fact/table/ca/PST045217#

b) Plaintiffs allege that the action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c) the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

d) a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

The United States District Court for the Northern District of California is the federal judicial district embracing the Santa Clara County Superior Court, where the suit was originally filed, 28 U.S.C. § 84(a). See 28 U.S.C. § 1441(a).

Upon filing the Notice of Removal, FFN will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Santa Clara County Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, for the foregoing reasons, Defendant respectfully removes this action from state court to this Court, and respectfully requests that this Court makes whatever orders are necessary to affect the removal of this action from the Santa Clara County Superior Court to this Court, and to affect the filing of a true record in this cause of all proceedings that may have been in the state court action.

Dated: September 26, 2018

Respectfully submitted,
COMPUTERLAW GROUP LLP

By:      /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
FRIENDFINDER NETWORKS INC.