3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 ALEJANDRO GUTIERREZ,

8     Plaintiff,

9     v.

10 FRIENDFINDER NETWORKS INC.,

11     Defendant.

Case No. 18-cv-05918-BLF

**ORDER GRANTING IN PART ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY**

[Re: ECF 39]

12

13     Plaintiff Alejandro Gutierrez moves the Court for leave to file a surreply in response to

14 Defendant Friendfinder Networks Inc.'s reply in support of its motion to compel arbitration. Mot.,

15 ECF 39. Plaintiff argues that a surreply is necessary because Defendant submitted new evidence

16 in its reply to which Plaintiff deserves the opportunity to respond. *See id.* at 1–3. Defendant

17 opposes this motion, arguing that it raised no new issues on reply. Opp. at 1–2, ECF 41.

18 Defendant does not deny that it introduced new evidence in its reply.

19     The Ninth Circuit has held that "[w]here new evidence is presented in a reply . . . the

20 district court should not consider the new evidence without giving the [non-]movant an

21 opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alterations in

22 original) (citation omitted). Defendant has not argued that it could not have raised this new

23 evidence in its opening brief. *See In re: Lenovo Adware Litig.*, No. 15-MD-02624-RMW, 2016

24 WL 6277245, at *14 (N.D. Cal. Oct. 27, 2016) (excluding reply declaration because it

25 "contain[ed] new evidence . . . that could have been included with plaintiffs' [opening] motion");

26 *cf. Burnham v. City of Rohnert Park*, No. 92-cv-1439-SC, 1992 WL 672965, at *5 n.1 (N.D. Cal.

27 May 18, 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition or

28 unforeseen at the time of the original motion."). And the new evidence was exclusively in

Defendant's possession and was offered in support of its own arguments. *Cf. Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 5848999, at *12 (N.D. Cal. Nov. 6, 2018) (allowing reply evidence because it was offered to rebut argument first raised in the defendant's opposition and because the evidence included the defendant's own documents). As such, Plaintiff deserves an opportunity to substantively respond.

Plaintiff's motion is GRANTED IN PART. However, the proposed surreply is excessively long, restates legal principles not responsive to the new evidence, and is filed in addition to separately filed evidentiary objections. Plaintiff may file a 3-page surreply **on or before April 5, 2019**. The Court's ruling on the instant motion is not intended to indicate how the Court will rule on Plaintiff's pending objections to Defendant's reply-brief evidence.

**IT IS SO ORDERED.**

Dated: April 3, 2019

_____
BETH LABSON FREEMAN
United States District Judge